1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11  SISKIYOU ALTERNATIVE              No.  2:16-cv-02238-JAM-CMK
    MEDICINE,
12
                Plaintiff,
13                                    **ORDER DENYING MOTION FOR
         v.                           PRELIMINARY INJUNCTION AND
14                                    DISMISSING CASE FOR LACK OF
    JON LOPEY, SISKIYOU COUNTY,       SUBJECT MATTER JURISDICTION**
15  SISKIYOU COUNTY SHERIFF'S
    DEPARTMENT, SISKIYOU COUNTY
16  COMMUNITY DEVELOPMENT,
    SISKIYOU COUNTY BOARD OF
17  SUPERVISORS, DOES 1-10,

18                Defendants.

19

20       Siskiyou Alternative Medicine ("SAM") filed suit against

21  Defendants in September 2016 alleging constitutional violations

22  associated with Siskiyou County's enforcement of marijuana

23  ordinances.  ECF No. 1.  A month later, SAM filed a motion for

24  preliminary injunction.  ECF No. 5.  For the reasons set forth

25  below, the Court denies the motion for preliminary injunction and

26       //

27       //

28       //

                              1

1  dismisses this case for lack of jurisdiction.[1]

2      I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

3      SAM is a volunteer organization that "provid[es] a safe

4  haven for disabled patients [and] oversite (sic) to ensure that

5  the county is acting within the authority of the law."  Compl.

6  ¶ 1.  SAM members are individuals who possess and use medical

7  marijuana.  Id.  SAM states that it "stands in the place of its

8  members because its members fear retaliation."  Mot. for Prelim.

9  Inj. ("Mot.") at 2.

10     In June 2016, the voters of Siskiyou County approved two

11 ordinances restricting the cultivation of medical marijuana.  Id.

12 ¶ 2.  SAM alleges that Defendants began enforcing the new

13 ordinances soon after the June election and in doing so have

14 conducted searches with defective warrants and seized marijuana

15 plants that SAM members were lawfully growing.  Id. ¶ 10.  SAM

16 states that, despite trying to comply with State laws, its

17 members have been "continually harassed and victimized by

18 Siskiyou County Sheriff Department and County officials."  Mot.

19 at 2.

20     SAM alleges the following causes of action in its complaint:

21 (1) substantive due process, (2) procedural due process under the

22 California constitution, (3) Fourth Amendment right against

23 unlawful seizure, (4) equal protection under the California

24 constitution.  SAM seeks an injunction preventing "the continued

25 harassment and police violence" allegedly suffered by SAM and its

26

27 [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was
28 scheduled for November 30, 2016.

1   members.  Mot. at 2.

2                    II.   EVIDENTIARY OBJECTIONS

3        SAM submitted a declaration by Wayne Walent, the president

4   of SAM, in support of its motion for preliminary injunction.  ECF

5   No. 5-3.  SAM attached twelve hand-written letters to Walent's

6   declaration.  It is not clear if the authors of the letters are

7   members of SAM.

8        Defendants object to the declaration of Walent and to each

9   of the exhibits attached to Walent's declaration.  ECF No. 9-3.

10  Defendants argue that Walent's declaration is inadmissible

11  because "it does not contain any allegation that the declaration

12  is made of personal knowledge."  Written Objs. to Evid. at 2.

13  Defendants argue that the exhibits attached to Walent's

14  declaration are inadmissible because they are not offered under

15  penalty of perjury.  Id. at 3.  The Court finds that the Walent

16  declaration and the attached exhibits are all legally deficient

17  affidavits and therefore inadmissible.  The Court sustains

18  Defendants' objections to the Walent declaration and the attached

19  exhibits and has not considered such evidence in deciding this

20  motion.

21

22                       III.   OPINION

23       Defendants argue that the Court must deny SAM's motion for

24  preliminary injunction (1) because SAM does not have standing to

25  bring a suit on behalf of its members, and (2) SAM has not met

26  its burden to show it is entitled to injunctive relief.  Opp'n at

27  6-19.

28

1        A.    Standing

2        An organization may bring suit on behalf of its members

3   under the doctrine of "associational" or "representational"

4   standing.   Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S.

5   333, 342–44 (1977).  "Associational standing is a narrow and

6   limited exception to the general rule that litigants must assert

7   their own rights in order to have standing." United Safeguard

8   Distribs. Ass'n, Inc. v. Safeguard Bus. Sys., Inc., 2016 WL

9   2885848, at *5 (C.D. Cal. May 17, 2016).  A plaintiff asserting

10  association standing has the burden to allege specific facts

11  establishing associational standing.  Id.  To obtain

12  associational standing, the organization must show that (1) at

13  least one of its members would have standing to sue in his own

14  right, (2) the interests the suit seeks to vindicate are germane

15  to the organization's purpose, and (3) neither the claim

16  asserted nor the relief requested requires the participation of

17  individual members in the lawsuit.  United Food & Commercial

18  Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 553

19  (1996) (citing Hunt, 432 U.S. at 343).

20       Here, SAM has failed to allege facts or provide any

21  admissible evidence to satisfy its burden of establishing

22  associational standing.  SAM has not identified any of its

23  members, let alone shown that such member would have standing to

24  sue in his own right.  Additionally, Defendants argue that "[i]t

25  is not possible for [SAM] to establish the individual rights of

26  its members or establish the proper amount of compensatory and

27  consequential damages for each aggrieved member without the

28  personal participation of those members."  Opp'n at 6.  The

1  Court agrees with Defendants: SAM has not shown that awarding

2  the requested compensatory and consequential damages can be

3  achieved without the participation of individual members in the

4  lawsuit.   The Court finds that SAM has failed to meet its burden

5  to show that SAM can sue Defendants on behalf of SAM's members.

6  The Court lacks subject matter jurisdiction over this case and

7  therefore lacks jurisdiction to decide the merits, or lack

8  thereof, of SAM's motion for preliminary injunction.   <u>See</u>

9  <u>Meister v. City of Hawthorne</u>, 2014 WL 3040175, at *2 (C.D. Cal.

10  May 13, 2014) ("Standing under Article II is a critical

11  component of a federal court's subject matter jurisdiction.").

12

13                          IV.    ORDER

14       For the reasons set forth above, SAM's motion for

15  preliminary injunction is denied and Plaintiff's case is

16  dismissed for lack of subject matter jurisdiction.

17       IT IS SO ORDERED.

18  Dated:   November 23, 2016

19

20                                      _____
                                        JOHN A. MENDEZ,
                                        UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28

                                   5