UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SISKIYOU ALTERNATIVE MEDICINE,<br><br>             Plaintiff,<br><br>     v.<br><br>JON LOPEY, SISKIYOU COUNTY, SISKIYOU COUNTY SHERIFF'S DEPARTMENT, SISKIYOU COUNTY COMMUNITY DEVELOPMENT, SISKIYOU COUNTY BOARD OF SUPERVISORS, DOES 1-10,<br><br>             Defendants. | No.  2:16-cv-02238-JAM-CMK<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

Siskiyou Alternative Medicine ("SAM") filed suit against Defendants in September 2016 alleging constitutional violations associated with Siskiyou County's enforcement of marijuana ordinances.  ECF No. 1.  A month later, SAM filed a motion for preliminary injunction.  ECF No. 5.  For the reasons set forth below, the Court denies the motion for preliminary injunction and

//

//

//

1

dismisses this case for lack of jurisdiction.[1]

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

SAM is a volunteer organization that "provid[es] a safe haven for disabled patients [and] oversite (sic) to ensure that the county is acting within the authority of the law." Compl. ¶ 1. SAM members are individuals who possess and use medical marijuana. Id. SAM states that it "stands in the place of its members because its members fear retaliation." Mot. for Prelim. Inj. ("Mot.") at 2.

In June 2016, the voters of Siskiyou County approved two ordinances restricting the cultivation of medical marijuana. Id. ¶ 2. SAM alleges that Defendants began enforcing the new ordinances soon after the June election and in doing so have conducted searches with defective warrants and seized marijuana plants that SAM members were lawfully growing. Id. ¶ 10. SAM states that, despite trying to comply with State laws, its members have been "continually harassed and victimized by Siskiyou County Sheriff Department and County officials." Mot. at 2.

SAM alleges the following causes of action in its complaint: (1) substantive due process, (2) procedural due process under the California constitution, (3) Fourth Amendment right against unlawful seizure, (4) equal protection under the California constitution. SAM seeks an injunction preventing "the continued harassment and police violence" allegedly suffered by SAM and its

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 30, 2016.

members.  Mot. at 2.

## II.   EVIDENTIARY OBJECTIONS

SAM submitted a declaration by Wayne Walent, the president of SAM, in support of its motion for preliminary injunction.  ECF No. 5-3.  SAM attached twelve hand-written letters to Walent's declaration.  It is not clear if the authors of the letters are members of SAM.

Defendants object to the declaration of Walent and to each of the exhibits attached to Walent's declaration.  ECF No. 9-3.  Defendants argue that Walent's declaration is inadmissible because "it does not contain any allegation that the declaration is made of personal knowledge."  Written Objs. to Evid. at 2.  Defendants argue that the exhibits attached to Walent's declaration are inadmissible because they are not offered under penalty of perjury.  Id. at 3.  The Court finds that the Walent declaration and the attached exhibits are all legally deficient affidavits and therefore inadmissible.  The Court sustains Defendants' objections to the Walent declaration and the attached exhibits and has not considered such evidence in deciding this motion.

## III.   OPINION

Defendants argue that the Court must deny SAM's motion for preliminary injunction (1) because SAM does not have standing to bring a suit on behalf of its members, and (2) SAM has not met its burden to show it is entitled to injunctive relief.  Opp'n at 6-19.

A.  Standing

An organization may bring suit on behalf of its members under the doctrine of "associational" or "representational" standing.  Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 342–44 (1977).  "Associational standing is a narrow and limited exception to the general rule that litigants must assert their own rights in order to have standing."  United Safeguard Distribs. Ass'n, Inc. v. Safeguard Bus. Sys., Inc., 2016 WL 2885848, at *5 (C.D. Cal. May 17, 2016).  A plaintiff asserting association standing has the burden to allege specific facts establishing associational standing.  Id.  To obtain associational standing, the organization must show that (1) at least one of its members would have standing to sue in his own right, (2) the interests the suit seeks to vindicate are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit.  United Food & Commercial Workers Union Local 751 v. Brown Group, Inc., 517 U.S. 544, 553 (1996) (citing Hunt, 432 U.S. at 343).

Here, SAM has failed to allege facts or provide any admissible evidence to satisfy its burden of establishing associational standing.  SAM has not identified any of its members, let alone shown that such member would have standing to sue in his own right.  Additionally, Defendants argue that "[i]t is not possible for [SAM] to establish the individual rights of its members or establish the proper amount of compensatory and consequential damages for each aggrieved member without the personal participation of those members."  Opp'n at 6.  The

Court agrees with Defendants: SAM has not shown that awarding the requested compensatory and consequential damages can be achieved without the participation of individual members in the lawsuit.  The Court finds that SAM has failed to meet its burden to show that SAM can sue Defendants on behalf of SAM's members.  The Court lacks subject matter jurisdiction over this case and therefore lacks jurisdiction to decide the merits, or lack thereof, of SAM's motion for preliminary injunction.  See Meister v. City of Hawthorne, 2014 WL 3040175, at *2 (C.D. Cal. May 13, 2014) ("Standing under Article II is a critical component of a federal court's subject matter jurisdiction.").

## IV.   ORDER

For the reasons set forth above, SAM's motion for preliminary injunction is denied and Plaintiff's case is dismissed for lack of subject matter jurisdiction.

IT IS SO ORDERED.

Dated:   November 23, 2016

*/s/ John A. Mendez*
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE